141 F.3d 1179
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Delores L. STORRS, Plaintiff--Appellant,
v.
Hughes AIRCRAFT; Wilette Diggs, wife; Orville Diggs,
husband, aka John Doe Diggs; Michael Rippa, husband;
Marile Rippa, wife; William Dluehosh, husband; Laura
Dluehosh, wife; William Lerch; Sally Lerch; Mildred
Quigley; William Quigley; William Borth; Roberta Borth;
Larry Lykins; Mary Francis Lykins; Glen Morgan; Melanie
Morgan; David Cecchini; Jane Doe Cecchini; Robert Cook;
Susan Cook; Delbert Rusty Martin, aka D. Rusty Martin;
Regina Martin; Brian Reynolds; Diana Reynolds; Herbert
Inch; Sarah Inch; James Paul Shelton, aka Paul Shelton;
Jane Doe Shelton; Edward Portillo; Adelina Portillo; Gene
Gerhard; Gail Gerhard; Daniel Yrigolla; Alma Yrigolla,
Defendants--Appellees.
 No. 97-15331.
D.C. No. CV-94-00035-RMB.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 6, 1997.
Submission Deferred Oct. 14, 1997.
Resubmitted Feb. 25, 1998.
Decided Feb. 27, 1998.
 
 Appeal from the United States District Court for the District of Arizona Richard M. Bilby, District Judge, Presiding.
 Before FLETCHER, WIGGINS and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Delores L. Storrs appeals the district court's order to enforce a settlement agreement executed between Storrs and her former employer, Hughes Aircraft. We have jurisdiction, 28 U.S.C. § 1291, and we reverse.
 
 
 3
 Storrs contends that the district court's finding that the parties agreed to a settlement as reflected in Hughes's September 27, 1994 letter is contrary to the record and misapplies the law in several respects.
 
 
 4
 First, she argues that her attorney lacked authority to settle. We see no basis for this, as there is no dispute that Storrs's attorney participated actively in the settlement conference and offered to settle the case for $75,000. The real dispute is over what other terms were agreed to, if any.
 
 
 5
 Storrs contends that there was no meeting of the minds on nonmonetary terms when Hughes sent its September 27 letter or the settlement agreement. She suggests that Hughes's September 27 letter itself indicated that the parties were still negotiating because the letter notes that "the necessary settlement agreement and release" were being drafted and would be delivered the next day, and invited questions about the terms outlined. Hughes counters that its September 27 letter simply accepted the terms last offered by Storrs. It argues that except for the dollar amount, the parties agreed at the settlement conference to all material terms (Storrs' voluntary termination of employment, execution of a settlement agreement and release, confidentiality, and outplacement services). In Hughes's view the only remaining term was resolved by its written acceptance of Storrs's offer to settle for $75,000.
 
 
 6
 The district court judge who presided over the settlement conference found that Storrs was bound by her attorney's acceptance of the September 27, 1994 Memorandum of Understanding through silence. However, Hughes's letter itself was not an offer; rather it purported to accept Storrs 's offer of settlement.
 
 
 7
 Other than her demand of $75,000, the terms of Storrs's offer at the settlement conference are not entirely clear. There is some indication that layoff was discussed, even though the parties did not get into detail about what that meant. Even when Hughes decided to accept the demand, and sent a "confirming" letter to be followed by a written agreement, it is apparent that the parties contemplated that a written agreement would be executed before the settlement was finalized. Further, additional terms (such as a positive reference and tort treatment of damages) were discussed between the parties and agreed to after Hughes's confirmation letter.
 
 
 8
 "[I]t is well settled that a district court has the equitable power to enforce summarily an agreement to settle a case pending before it." Callie v. Near, 829 F.2d 888, 890 (9th Cir.1987). But a "district court may enforce only complete settlement agreements." Id. (emphasis in original). We can't tell from the district court's order whether it applied Callie, nor can we say from our review of the record that the settlement agreement was "complete" prior to the time a written agreement was signed. Therefore, we reverse the court's order enforcing settlement, and vacate its judgment.
 
 
 9
 In light of our disposition, we do not reach Storrs's alternative argument that Hughes's breach prior to performance permits Storrs to rescind. Also in light of our disposition, Hughes's request for fees is denied. Storrs's request for fees is remanded to the district court.
 
 
 10
 REVERSED AND REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3